IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **KADESHA REYNOLDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| **CONECUH COUNTY SHERIFF'S** ) | **1:24-cv-00473** |
| **DEPARTMENT, SHERIFF** ) | |
| **RANDY BROCK, in his official** ) | |
| **capacity, and CONECUH COUNTY,** ) | **JURY DEMAND** |
| **ALABAMA,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for legal and equitable relief brought by Plaintiff Kadesha Reynolds to redress sexual discrimination, sexual harassment, sexually hostile work environment, and retaliation. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination, harassment, and retaliation in employment. Plaintiff seeks available relieve under these statutes and request a jury trial pursuant to 42 U.S.C. §1981a.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202.

3.    A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendants within Conecuh County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

    4.       The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

    5.       Plaintiff, Kadesha Reynolds, is a female citizen of the United States, and a resident of the State of Alabama. Reynolds was an employee of Defendants at all times relevant to this litigation.

    6.       Defendant, Conecuh County Sheriff's Department, is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

    7.       Defendant, Sheriff Randy Brock, being sued in his official capacity as Sheriff of Conecuh County, Alabama, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

    8.       Defendant, Conecuh County, Alabama, is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## IV. ADMINISTRATIVE EXHAUSTION

    9.       Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

    10.      On or about December 7, 2023, Plaintiff filed an EEOC charge alleging sex discrimination/harassment, religious discrimination, and retaliation. Defendants responded on May 7, 2024.

    11.      Plaintiff subsequently received a Right-To-Sue Notice from the EEOC. The Right to Sue Notice was electronically mailed to Plaintiff and received on October 3, 2024.

## IV. STATEMENT OF FACTS

12. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 11 above with the same force and effect as if fully set out in specific detail herein below.

13. Plaintiff began working for the Conecuh County Sheriff's Department as a Correctional Officer on August 14, 2023.

14. During Plaintiff's employment, she was subjected to sexual harassment by co-workers and a supervisor.

15. The harassment continued throughout her employment.

16. Plaintiff was subjected to sexually offensive comments, sexual propositions, requests for sexual favors, touching, and exposure to male genitalia.

17. Plaintiff objected to the harassment, however, it continued.

18. Plaintiff complained on several occasions to management about the sexual harassment, but nothing was done and the conduct continued.

19. Plaintiff also complained regarding scheduling and requested religious accommodation to be able to attend church on weekends. The request was denied.

20. Upon information and belief, other female employees were subjected to sexual harassment by co-workers and supervisors, as well.

21. The harassment was inappropriate, offensive, and continuous.

22. The conduct was severe and pervasive and affected Plaintiff's work conditions.

23. Defendants were aware of the harassment.

24. No action was taken against the harassers.

25.  John Hall, Jail Administrator, asked Plaintiff to provide a written statement detailing the harassment.

26.  Hall instructed Plaintiff to meet with Lt. Jones to prepare her statement.

27.  Plaintiff was not comfortable meeting with Lt. Jones, as she was aware of him sexually harassing female employees, which was part of her complaints related to the hostile environment.

28.  Plaintiff asked Hall if she could speak with someone in Human Resources instead, but this request was denied.

29.  On October 26, 2023, John Hall called Plaintiff to a meeting with Sheriff Randy Brock, Chief Deputy Tyrone Boykin, and Kim Mixon regarding her complaint of sexual harassment.

30.  Plaintiff felt uncomfortable discussing her complaints with the individuals present, as one of the individuals present in the room had engaged in sexually harassing behavior of which she was complaining.

31.  Sheriff Brock intimidated Plaintiff and she became upset and walked out of the room to compose herself.

32.  Sheriff Brock told Plaintiff, "you're terminated."

33.  Plaintiff asked for what reason was she being terminated.

34.  Brock stated, "for whatever reason I want to."

35.  Plaintiff was terminated in retaliation for engaging in protected activity and based on her sex.

36.  Male correctional officers and employees who did not engage in protected activity were not treated in the same manner as Plaintiff.

37. Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of the harassment and Defendants' conduct.

38. Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

### COUNT ONE: CLAIMS OF SEX DISCRIMINATION AND HARASSMENT PURSUANT TO TITLE VII

39. Plaintiff re-alleges and re-pleads the above and incorporate by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail herein below.

40. Plaintiff was subjected to sex discrimination, sexual harassment, and a sexually hostile work environment.

41. The discrimination and harassment which Plaintiff was subjected and the environment in which she worked included, but was not limited to, sexual harassing comments, sexual harassing behavior and propositions, sexually inappropriate touching, exposure to male genitalia, and termination.

42. The harassment which Plaintiff as subjected was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

43. Plaintiff objected to the sexual harassment; however, prompt and effective remedial action was not taken.

44. Because of the complaints and the open and obvious nature of the harassing behavior, Defendants had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

45. Plaintiff further alleges she was terminated on the basis of sex.

46. Defendants did not have a legitimate, non-discriminatory reason for the termination.

5

47. Any alleged reason by Defendants is pretext for discrimination.

48. Plaintiff was treated differently than male employees in regarding to her termination.

49. Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of the harassment and Defendants' conduct.

50. Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIM OF RETALIATION
## PURSUANT TO TITLE VII

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50, above with the same force and effect as if fully set out in specific detail hereinbelow.

52. Plaintiff engaged in protected activity.

53. Plaintiff complained to supervisors and management about the sexual harassment which she was subjected and requested a religious accommodation.

54. As a result of her protected activity and complaints, Plaintiff was terminated.

55. Defendants' actions are casually related to Plaintiff's protected activity.

56. Defendants do not have a non-retaliatory reason for their actions.

57. Defendants' conduct was pretext for retaliation.

58. Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination and harassment.

59. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

60. Defendants engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendants described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2. Grant Plaintiff a permanent injunction enjoining Defendants, Defendants' agents, successors, employees, attorneys and those action in concert with Defendants and on Defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3. Grant the Plaintiff an Order requiring Defendants to make Plaintiff whole by awarding reinstatement, backpay, interest, compensatory damages, punitive damages, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

*Attorney for Plaintiff*


**PLAINTIFF DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL


**Plaintiff will serve Defendants the following: Summons, Complaint.**

**Defendants' Addresses:**
Conecuh County Sheriff's Department
104 Liberty Street
Evergreen, AL 36401

Sheriff Randy Brock
104 Liberty Street
Evergreen, AL 36401

Conecuh County, Alabama
104 Liberty Street
Evergreen, AL 36401



*/s/ Rocco Calamusa, Jr.*
OF COUNSEL